UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00393-CHL

**ASHLEY U.,[1]**                                                                                                       **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                                                  **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Complaint filed by Plaintiff Ashley U. ("Claimant") proceeding *pro se*. Claimant seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Claimant and the Commissioner each filed a Fact and Law Summary. (DNs 16, 22.) Claimant did not file a reply. The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgement in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 15.) Therefore, this matter is ripe for review.

For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

**I.    BACKGROUND**

On or about December 13, 2019, Claimant protectively filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability beginning on December 13, 2019. (R. at 17, 103, 114, 125, 127, 129, 145, 161, 163, 242-56.) On May 26, 2021, Administrative Law Judge ("ALJ") Susan Brock ("the ALJ") conducted a hearing on Claimant's application. (*Id.* at 56-89.) In a decision dated June 16, 2021, the ALJ engaged in the

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled.  (*Id*. at 14-31.)  In doing so, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.  (*Id.* at 19.)

2. The claimant has not engaged in substantial gainful activity since December 13, 2019, the alleged onset date.  (*Id.*)

3. The claimant has the following severe impairments: anxiety and ADHD.  (*Id.* at 20.)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (*Id.*)

5. [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, remember, and carry out simple instructions and tasks requiring little independent judgment, tolerate occasional changes in the workplace and recognize hazards, and occasionally interact with coworkers, supervisors, and the general public.  (*Id.* at 21.)

6. The claimant is unable to perform any past relevant work.  (*Id.* at 24.)

7. The claimant . . . was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  (*Id.*)

8. The claimant has at least a high school education.  (*Id.* at 25.)

9. Transferability of job skills is not material to the determination of disability because using the Medical Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  (*Id.*)

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.  (*Id.*)

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 13, 2019, through the date of this decision.  (*Id.* at 26.)

Claimant subsequently requested an appeal to the Appeals Council, which denied her request for review on May 9, 2022. (*Id.* at 1-6, 240-41.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2022); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). The Appeals Council granted Claimant an extension of time to file a civil action seeking review of the ALJ's decision. (*Id.* at 7.) Thus, Claimant timely filed this action on July 29, 2022. (DN 1.).

## II. DISCUSSION

The Social Security Act authorizes payments of DIB and SSI to persons with disabilities. *See* 42 U.S.C. §§ 404-434, 1381-1383f. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a) (2022).

### A. Standard of Review

The Court may review the final decision of the Commissioner, but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir.

2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

  **B.**  **Five-Step Sequential Evaluation Process for Evaluating Disability**

  The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2022). In summary, the evaluation process proceeds as follows:

(1) Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[2] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4) Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5) Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

---

[2] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 416.909 (2022).

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C. Claimant's Contentions

On October 20, 2022, after the filing of the administrative record, the Court entered an order directing each party to file by the deadlines specified therein "an appropriate memorandum of law specifying, inter alia, the numbered findings of the final decision [of the Commissioner] with which exception is taken and the specific errors alleged," which was to "be accompanied by a Fact and Law Summary on [a] form supplied by the Court." (DN 14, at PageID # 990.) The order also required the Parties' memoranda to "cite the Court to the specific pages of the administrative record in support of the [P]arties' relative positions." (*Id.*) Despite these instructions, Claimant's *pro se* Fact and Law Summary and supporting memoranda contains no citations to either relevant legal authority or to the administrative record. (DN 16.) Instead, she merely listed four errors she claimed existed in the ALJ's decision and/or the administrative process. (*Id.*) First, Claimant contended that the ALJ did not review the entirety of her medical records. (*Id.* at PageID # 995.) Second, she alleged that she was previously approved for disability in June 2007, and those records were lost due to a breach in security. (*Id.*) Third, Claimant argued that reason her claim was denied was not the reason for which she applied and that the combination of her severe anxiety and panic disorder, post-traumatic stress disorder ("PTSD"), and learning

disability render her disabled as evidenced by her unsuccessful attempts to work. (*Id.* at 995-96.) Finally, she alleged that she was supposed to have some type of additional hearing that did not happen. (*Id.* at 996-97.) Her arguments are largely opaque and conclusory, leaving the Court with little from which to evaluate the merits of her position.

Generally, issues averted to in a "perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," *United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)), and this waiver rule applies equally to *pro se* litigants. *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007) (citing *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 156-57 (6th Cir. 2003)). Claimant is entitled to some leeway given her *pro se* status; this Court is required to liberally construe her filings and pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " (internal citations omitted)); *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012); *Haines v. Kerner*, 404 U.S. 519, 519 (1972). Yet, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). This liberal construction does not require the Court to make arguments not advanced by Claimant or to "conjure up unpleaded facts to support conclusory allegations." *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004) (citation omitted); *see also Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) ("Even a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented."). In sum, although the pleadings may be construed with leniency, the law nevertheless applies equally to *pro se* litigants and those represented by attorneys. *See Brock v.*

6

*Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).  Given this authority, while the Court will not find that Claimant has waived any argument, it will not correct the patent deficiencies in her filings either.  Instead, the Court will attempt to interpret and address her allegations of error individually below.

### 1. Failure to Review Entire Record

Claimant contended that the ALJ did not look at "all [her] medical records" or "all of [her] issues" in deciding whether she was disabled.  (DN 16, at PageID # 995.)  She seemed to claim that there were additional medical records she sent to the ALJ that he did not review, stating, "[T]hey didn't look at all my medical records [and] would say they didn't get them[.] I called the Judges [*sic*] assistant and confirmed they received all my medical records[.] I even have the voicemail still."  (*Id.*)

To the extent that Claimant is referencing the additional evidence she tendered to the Appeals Council (R. at 2, 32-55), the Court is unable to review the same in assessing the validity of the ALJ's decision.  Pursuant to well-established Sixth Circuit precedent, this Court's review is limited to the evidence that was in the administrative record when the ALJ rendered his decision. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  The Court could only look at Claimant's additional evidence for purposes of determining whether Claimant is entitled to a remand under 42 U.S.C. § 405(g), but Claimant has neither requested such a remedy nor shown why the requirements for such a remand are met.  *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)) ("[A] remand under 42 U.S.C. § 405(g) 'sentence six' for consideration of additional evidence is warranted only if the evidence is 'new' and 'material' and 'good cause' is shown for the failure to present the evidence to the ALJ.").  The Court will not create such an argument for her.

To the extent that Claimant intended to argue that the ALJ's decision was deficient because it did not cite to every medical record in the administrative record, her position is contrary to law. "Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)); *see also Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) ("An ALJ need not discuss every piece of evidence in the record for his decision to stand."). Thus, her argument is without merit.

As to Claimant's argument that the ALJ did not consider all her "issues," Claimant's failure to specify what "issues" she is referencing or what medical records evidence those "issues" she claimed the ALJ did not consider prevents further review of this claim. The Court simply cannot assess the alleged error any further without more detail, and thus, the Court finds Claimant has failed to demonstrate reversible error.

### 2. Alleged Prior Approval

Claimant argued that she had already been approved for SSI and DIB benefits in 2007 but that the records were lost by the Social Security Administration. (DN 16, at PageID # 995.) She failed to allege how this fact, even if true, invalidates the current decision before the Court or to provide any support for her allegation. There is no reference to such an application in the record. There is a prior unfavorable decision by ALJ Dwight D. Wilkerson dated March 7, 2019, in the record in which Claimant was denied DIB benefits because she engaged in substantial gainful activity. (R. at 90-102.) The ALJ in her instant decision referenced this prior 2019 decision but found that Claimant had stopped working since that time. (*Id.* at 20.) Claimant has not clearly alleged any deficiencies in the ALJ's current decision or provided any authority to support that her

treatment of the 2019 decision was in error. She also has provided no proof or citations to authority regarding the alleged 2007 decision. In the absence of any proof supporting her claim or legal authority to support that such a claim is even reviewable in the context of an appeal of a separate and later decision by the ALJ, the Court finds that Claimant has failed to demonstrate any reversible error.

### 3.  Reasons for Denial

Claimant argued that the reasons she was denied benefits were not the reasons she originally applied. (DN 16, at PageID # 995-96.) Claimant argued that she has a learning disability, PTSD, and severe anxiety and panic disorder. (*Id.*) Claimant further argued that she cannot deal with crowds or driving due to her anxiety. (*Id.*) She emphasized that her allegations are supported by her work history. (*Id.* at 995-96.)

The applicable regulations require an ALJ to consider all of a claimant's impairments in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1523, 416.923 (2022). At step two, the ALJ found that Claimant's anxiety and ADHD were severe impairments but that her physical impairments, including her migraines, were not severe impairments. (R. at 20.) At step four in determining her RFC, the ALJ specifically discussed Claimant's testimony regarding her anxiety and panic attacks but found that her "statements concerning the intensity, persistence and limiting effects of [her] symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 22-23.) She went on to discuss the medical evidence regarding Claimant's anxiety and ADHD as well as the fact that claimant has been able to perform substantial gainful activity in the past despite her impairments. (*Id.* at 23-24.) She ultimately concluded that Claimant's complaints were inconsistent with the mental health treatment records. (*Id.*) She also cited in support to the opinions of the state agency psychological consultants who

opined that Claimant could perform work consistent with that described by the ALJ in her RFC. (*Id.* at 24 (citing *id.* at 114-24, 145-60).) While the ALJ's discussion included no references to PTSD, a learning disability besides ADHD, or a panic disorder, the Court cannot find that the same is error in view of the absence of any citation by Claimant to medical records demonstrating the existence of these impairments or supporting that they cause any limitations. It is Claimant's burden to prove that she is disabled at the first four steps of the sequential evaluation process. *Walters* , 127 F.3d at 529. Claimant has wholly failed to offer any substantive argument or evidence to meet this burden here.

Accordingly, the Court finds that Claimant has failed to demonstrate any reversible error in the ALJ's analysis and that the same was supported by substantial evidence.

### 4.  **Additional Hearing**

Finally, Claimant argued that she was supposed to have a hearing on her case on July 25, 2022, but the hearing never occurred. (DN 16, at PageID # 996.) There is no evidence in the record supporting her claim. After Claimant requested review of the ALJ's June 16, 2021, decision, on September 13, 2021, the Appeals Council sent her a letter indicating that she had twenty five days to send in any additional evidence or argument about the facts or law applicable to her case. (R. at 9-10, 240-41.) The next correspondence in the record is the Appeals Council's May 9, 2022, notice denying review. (*Id.* at 1-6.) Claimant provided no evidence to support her allegations regarding a hearing, and without the same, the Court finds that her claims are without merit.

### 5. Conclusion

As Claimant has failed to demonstrate any error in the ALJ's decision or the administrative process and the Court, having reviewed the decision, finds none, the ALJ's decision is supported by substantial evidence. Therefore, the final decision of the Commissioner will be **AFFIRMED**.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

cc:      Counsel of Record, *Pro se* Plaintiff